UNITED STATES of America,
Appellee,

v.

Ennio Nemesio ESTEBAN–GOMEZ,
Defendant–Appellant.

No. 05–5639–cr.

United States Court of Appeals,
Second Circuit.

Aug. 16, 2006.

Philip L. Weinstein, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Allen L. Bode (Alyssa A. Qualls, on the brief) Assistant United States Attorneys, for Roslynn R. Mauskopf, United States Attorney of the Eastern District of New York, New York, NY, for Appellee.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Ennio Nemesio Esteban–Gomez appeals from a judgment of conviction entered in the United States District Court for the Eastern District of New York (Feuerstein, J.), following his plea of guilty to one count of illegal reentry into the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). In an upward departure from the imprisonment range prescribed by the federal Sentencing Guidelines ("Guidelines"), Esteban–Gomez was sentenced to 120 months imprisonment. We assume familiarity with the underlying facts and procedural history.

On appeal, Esteban–Gomez argues principally (1) his prior illegal reentry conviction was erroneously classified as an aggravated felony, resulting in an eight-point increase in his Guidelines calculation, and (2) the extent of the upward departure was neither justified nor reasonable and the sentence was unreasonable pursuant 18 U.S.C. § 3553(a). The government agrees that, because the advisory Guidelines range set forth in the Presentence Report was incorrectly calculated, this case should be remanded for resentencing.

As Esteban–Gomez correctly notes, an eight-level enhancement pursuant to § 2L1.2(b)(1)(C) applies only where the defendant was originally deported after a conviction for an aggravated felony as defined in 8 U.S.C. § 1101(a)(43). *See* U.S.S.G. § 2L1.2, cmt. (n. 3A). Here, following two administrative deportations in 1988, Esteban–Gomez was deported in 1992 for a third time as a result of his illegal reentry, not as a result of the commission of an aggravated felony. The government agrees with Esteban–Gomez that the applicable advisory Guidelines range should have been 21 to 27 months imprisonment.

Given the government's concession, we vacate the judgment and remand for re-sentencing. Since appellant's sentence is vacated, we decline appellant's invitation to review its reasonableness or reassign this case at this time. We are confident that, on resentencing, the district court judge will give appropriate consideration to the Guidelines, the § 3553(a) factors, as well as others, that might or might not justify a significant departure from the advisory Guidelines.

We have considered all other arguments and find them to be without merit. For the foregoing reasons, we REMAND to the district court with instructions to VACATE appellant's sentence, and conduct resentencing consistent with *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and this order.